Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ASOCIACIÓN DE EMPLEADOS GERENCIALES DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO Y OTROS<br><br>Apelantes<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO; METLIFE INSURANCE COMPANY<br><br>Apelados | KLAN202400317 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Sentencia Declaratoria, Declaración de Inconstitucionalidad del Artículo 5-112 de la Ley Núm. 447-1951, enmendado por la Sección 26 de la Ley Núm. 3-2013 y el Artículo 105(c) de la Ley Núm. 447-1951, enmendado por la Sección 19 de la Ley Núm. 3-2013 de la Sección 19(c)<br><br>Caso Núm.: SJ2022CV06172 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

El 2 de abril de 2024 compareció ante nos la *Asociación de Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado* (en adelante: "Asociación o parte apelante"). En síntesis, nos solicita que revisemos la *Sentencia* dictada el **3 de febrero de 2024**,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante: "TPI"), que desestimó la demanda en su totalidad.

Luego de examinar los escritos de las partes, **confirmamos** la *Sentencia* apelada. Veamos.

**-I-**

De los autos ante nuestra consideración surge que, el **13 de julio de 2022**, la Asociación radicó una *"Demanda Sentencia*

---

[1] Notificada el 5 de febrero de 2024.

*Declaratoria"*, contra el *Estado Libre Asociado de Puerto Rico* (en adelante: "ELA"), la *Junta de Retiro del Gobierno de Puerto Rico* (en adelante: "Junta de Retiro"), y *Metropolitan Life Insurance Company* (en adelante: "MetLife"), **conjuntamente la parte apelada**.[2] En esta, solicitó una sentencia declaratoria con el fin de que los Artículos 5-112 y 105(c) de la *Ley de Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico* fueran declarados inconstitucional.[3] Entre otras cosas, alegó que el Estado no tiene la facultad para establecer un seguro de incapacidad compulsorio con una compañía privada. Arguyó, que ello infringe el derecho de los ciudadanos a que no se les prive de su propiedad sin el debido proceso de ley, y al derecho de libre contratación.

De otra parte, el **9 de enero de 2023** MetLife solicitó la desestimación con perjuicio de la demanda, imposición de sanciones, costas, gastos del litigio y honorarios de abogado por temeridad.[4] Sostuvo que la Asociación había presentado la misma causa de acción contra la misma parte en dos (2) ocasiones anteriores. En específico, adujo que la primera desestimación fue el **19 de julio de 2021** [SJ2021CV04496]. Y la segunda, ocurrió el **26 de abril de 2022** [SJ2022CV03265]. Ambos pleitos fueron desistidos de forma voluntaria.[5]

En oposición a dicha desestimación, el **30 de enero de 2023** la Asociación presentó su oposición.[6] Allí, negó haber desistido de la causa de acción. Señaló que todo se debió a un error inadvertido y adujo que su intención fue desistir el caso núm. **SJ2022CV00687**. Por consiguiente, le solicitó al TPI dejar sin efecto, modificar o alterar

---

[2] Apéndice 4 de la *Apelación,* págs. 23 – 31.
[3] Ley Núm. 447 de 15 de mayo de 1951, según enmendada, conocida como la *Ley de Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico*, 3 LPRA sec. 761 *et seq.*
[4] Apéndice de *Metropolitan Life Insurance Company* sometido ante este Foro apelativo el 14 de mayo de 2024, a las págs. 1 – 35.
[5] *Véase*; Apéndice de *Metropolitan Life Insurance Company* sometido ante este Foro apelativo el 14 de mayo de 2024, a las págs. 1 – 35.
[6] Apéndice 5 de la *Apelación,* págs. 32 – 59.

la sentencia emitida el 15 de junio de 2022, en la que se confirmó el desistimiento del caso núm. **SJ2022CV03265**.

En réplica,[7] el **8 de febrero de 2023** MetLife arguyó que, si el desistimiento en el caso número SJ2022CV03265 se debió a un error, el remedio era presentar una moción al amparo de la Regla 49.2 de Procedimiento Civil.[8] Añadió que, al haber transcurrido el término sin actuar oportunamente, procedía la desestimación de la acción actual con perjuicio.

El **13 de febrero de 2023**, la Asociación presentó una *"Dúplica a Réplica de MetLife a Oposición de los Demandantes"*,[9] en la cual, reiteró los planteamientos contenidos en su oposición, y solicitó que no se desestimara la demanda.

Finalmente, el **3 de febrero de 2024** el TPI dictó una *Sentencia*,[10] en la que hizo las siguientes determinaciones de hechos:

1. *El 19 de julio de 2021, la Asociación de la CFSE presentó la Demanda […], caso núm.* **SJ2021CV04496**. *Dicha reclamación se centró en solicitarle al tribunal que declare inconstitucional el Artículo 5-112 y el Artículo 105(c) de la Ley de Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, Ley Núm. 447 de 15 de mayo de 1951, según enmendada (3 LPRA sec. 761 et seq.). La parte demandada estuvo compuesta por el* **Estado Libre Asociado de Puerto Rico, la Junta de Retiro del Gobierno de Puerto Rico y MetLife**.[11]

2. *El 19 de noviembre de 2021, la Asociación de la CFSE presentó una Moción [de]* **desistimiento voluntario sin perjuicio***, respecto al caso núm. SJ2021CV04496, cuyo desistimiento* **fue confirmado por el tribunal mediante Sentencia emitida el 22 de noviembre de 2021**.[12]

3. *El 28 de enero de 2022, la Asociación de la CFSE presentó la Demanda […], caso núm.* **SJ2022CV00687**. *El mencionado pleito se instó en virtud de la Ley de Cumplimiento con el Plan Fiscal, Ley Núm. 26 del 2017 (3 LPRA sec. 9461 et seq.). La parte demandada estuvo compuesta por la Corporación del Fondo del Seguro del Estado, su administrador, Jesús M. Rodríguez Sosa y el Secretario de Justicia.*[13]

---

[7] Apéndice 10 de la *Apelación*, págs. 79 – 85.
[8] *Véase*; Regla 49.2 de Reglas de Procedimiento Civil de Puerto Rico 2009, 32 LPRA Ap. V., R. 49.2.
[9] Apéndice 12 de la *Apelación*, págs. 92 – 95.
[10] Notificada el 5 de febrero de 2024.; Apéndice 1 de la *Apelación*, págs. 1 – 9.
[11] Énfasis nuestro.
[12] Énfasis nuestro.
[13] Énfasis nuestro.

**4.** *El 8 de julio de 2022, la Asociación de la CFSE presentó una **Moción [de] desistimiento voluntario sin perjuicio** conforme al caso núm. SJ2022CV00687, la cual fue confirmada mediante Sentencia emitida el 11 de julio de 2022.*[14]

**5.** *El 26 de abril de 2022, la Asociación de la CFSE presentó la Demanda [...], caso núm. **SJ2022CV03265**. Dicha reclamación se instó en contra del **Estado Libre Asociado de Puerto Rico, la Junta de Retiro del Gobierno de Puerto Rico y MetLife**.*[15]

**6.** *El 1 de junio de 2022, la Asociación de la CFSE presentó un **Aviso de desistimiento** respecto al caso núm. SJ2022CV03265, **confirmado mediante Sentencia emitida el 15 de junio de 2022**.*[16]

**7.** *El **8 de julio de 2022**, la Asociación de la CFSE presentó la Demanda [...] **de epígrafe**, caso núm. **SJ2022CV06172**. La parte demandada está actualmente compuesta por el **Estado Libre Asociado de Puerto Rico, la Junta de Retiro del Gobierno de Puerto Rico y MetLife**. [sic].*[17]

Por lo cual, el TPI determinó que MetLife tenía razón al solicitar la desestimación total del pleito al amparo de la doctrina de dos (2) desistimientos. En lo pertinente, expresó que:

> *[d]e los documentos presentados y los argumentos expuestos se desprende que la Asociación de la CFSE presentó en dos ocasiones la misma reclamación ante este tribunal —previo a la de autos— y contra la misma parte demandada. Ambos fueron desistidos voluntariamente por la parte reclamante y así se hizo constar en ambos expedientes judiciales. Conforme al derecho previamente expuesto, es norma reiterada que el segundo desistimiento será **adjudicado en los méritos** si trata de una misma causa de acción que haya sido desistida anteriormente en otro pleito. Precisamente dichos criterios se cumplen en el presente caso.*
>
> *El número de caso SJ2022CV03265, aparece en el epígrafe del Aviso de desistimiento y en la Sentencia que lo confirmó. No obstante, el 30 de enero de 2023 —casi **ocho meses** después de solicitado el desistimiento y **siete meses** de haber sido ordenado por este tribunal—, la Asociación de la CFSE alegó que se debió a un error de forma. Además, lo hizo constar en su Moción para oponernos a moción de desestimación y aclarar extremos, correspondiente al presente caso, y no mediante una moción aparte según requiere la Regla 49.2 de Procedimiento Civil, supra. La Asociación de la CFSE debió haber utilizado oportunamente el remedio provisto por la Reglas de Procedimiento Civil, supra, y presentar una **solicitud de relevo de sentencia** para enmendar el error o inadvertencia de incluir el número de caso presuntamente equivocado. Sin embargo, ocurrió así. Es por esto que, aplicando el derecho vigente y conforme a la doctrina de los dos desistimientos, le resulta forzoso al tribunal desestimar el caso de autos.*[18]

---

[14] Énfasis nuestro.
[15] Énfasis nuestro.
[16] Énfasis nuestro.
[17] Apéndice 1 de la *Apelación*, págs. 3 – 4. *Citas omitidas.* Énfasis nuestro.
[18] *Íd.*, págs. 8 – 9. *Citas omitidas.* Énfasis en original.

Basado en todo lo antes expuesto, el TPI declaró *Ha Lugar* la solicitud de desestimación presentada por MetLife, y desestimó la demanda en su totalidad.

Inconforme, **2 de abril de 2024** la Asociación recurrió el ante este Tribunal Apelativo y señaló la comisión de dos (2) errores:

> *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA COMO CAUSA DE ACCIÓN, A BASE DE LA DOCTRINA DE DOS DESISTIMIENTOS, SIN CONSIDERAR NI ATENDER LA DOCTRINA QUE SURGIÓ DE LAS REGLAS FEDERALES QUE PUERTO RICO ADOPTÓ EN 1943, Y QUE MODIFICÓ EN 1958, 1979 Y 2009, LAS QUE DESCARTARON TOTALMENTE EL CONCEPTO DE LA CAUSA DE ACCIÓN QUE GUIÓ EL DICTAMEN DEL TRIBUNAL DE PRIMERA INSTANCIA.*

> *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, AL NO CONSIDERAR EL ERROR INADVERTIDO EXPUESTO POR LA PARTE DEMANDANTE AQUÍ APELANTE, NI LOS MECANISMOS QUE EL ORDENAMIENTO PROVEE PARA LA CORRECCIÓN DEL ERROR O SITUACIÓN GENERADA EN EL CASO Y AJUSTARLA A LA JUSTICIA.*

En oposición, el **8 de mayo de 2024** la Junta de Retiro compareció ante nos. Y, el **14 de mayo de 2024** MetLife compareció mediante *"ALEGATO DE LA APELADA METROPOLITAN LIFE INSURANCE COMPANY"*. Por último, el **20 de mayo de 2024** el ELA representado por la Oficina del Procurador General sometió su posición mediante *"ALEGATO DEL ESTADO Y SOLICITUD DE DESESTIMACIÓN"*.

Con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto.

-II-

-A-

El Tribunal Supremo de Puerto Rico ha sido claro en que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[19] La citada norma de deferencia también es aplicable a

---

[19] *Coop. Seguros Múltiples de PR v. Lugo,* 136 DPR 203, 208 (1994).

las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, nuestro Alto Foro ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[20]*

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[21] Por lo tanto, para realizarla adecuadamente nuestro Tribunal Supremo indica expresamente que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[22]

**-B-**

En específico, el desistimiento ha sido definido como *"[u]na declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente".*[23] Del mismo modo, *"'[e]l desistimiento encarna uno de los principios básicos del proceso [civil]: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción'".*[24] Es decir, a través del desistimiento una parte informa su intención de no continuar con la reclamación que interpuso.[25]

---

[20] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[21] *Íd.*

[22] *Íd.*

[23] *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277, 285 (2021), citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138.

[24] *Pagán Rodríguez v. Rivera Schatz, supra*, págs. 285-286, citando a R. Hernández Colón, *Derecho procesal civil*, 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 414.

[25] *Pagán Rodríguez v. Rivera Schatz, supra.*

Referente a estos fines, la Regla 39.1 de Procedimiento Civil, dispone las distintas formas de desistir una acción judicial y además condiciona la misma en el ámbito civil.[26]

> ***Regla 39.1. Desistimiento***
> ***(a) Por el demandante; por estipulación.*** *Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:*
> *(1) mediante la presentación de un **aviso de desistimiento** en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o*
> *(2) mediante la presentación de una **estipulación de desistimiento** firmada por todas las partes que hayan comparecido en el pleito.*
> *A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, **excepto** que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido **anteriormente** en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.*
>
> ***(b) Por orden del tribunal.*** *A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.[27]*

La referida regla en su inciso (a) establece las instancias en las cuales la parte demandante puede desistir de un caso voluntariamente; esto es, sin una orden del tribunal.[28] Dichas instancias serán por medio de un aviso de desistimiento, o una estipulación de desistimiento firmada por todas las partes.[29] Al amparo de cualquiera de las dos instancias del inciso (a),[30] el derecho del demandante de renunciar a su reclamación es absoluto y nada impide que pueda demandar nuevamente.[31] Asimismo, el mero aviso del desistimiento será suficiente para que la parte demandante pueda desistir.[32] Posterior a ello, *"[e]l tribunal ordenará*

---

[26] Regla 39.1 de Reglas de Procedimiento Civil de Puerto Rico 2009, 32 LPRA Ap. V., R.39.1.
[27] *Íd. Énfasis nuestro.*
[28] 32 LPRA Ap. V., R. 39.1 (a).
[29] 32 LPRA Ap. V., R. 39.1 (a) (2).
[30] 32 LPRA Ap. V., R. 39.1.
[31] *Pagán Rodríguez v. Rivera Schatz, supra.*; *Pramco CV6, LLC v. Delgado Cruz,* 184 DPR 453, 459 (2012).
[32] *Pramco CV6, LLC v. Delgado Cruz, supra*, pág. 459.

*obligatoriamente el archivo y sobreseimiento de la acción sin discreción para obrar de otra forma".*[33] Bajo esas circunstancias, el desistimiento de la Regla 39.1, inciso (a), será sin perjuicio, a menos que el aviso de desistimiento o la estipulación exponga lo contrario.[34]

Ahora bien, el desistimiento será con perjuicio cuando el aviso de desistimiento sea presentado por la parte demandante y esta haya renunciado de su caso **previamente** bajo un pleito basado en o que haya incluido la misma reclamación ante el TPI, algún tribunal federal o de cualquier estado de los Estados Unidos.[35]

Referente a la doctrina de los dos (2) desistimientos, nuestro Tribunal Supremo expresó que:

> *[E]l propósito primario de la doctrina de los dos desistimientos es prevenir el uso irrazonable por el demandante de su derecho unilateral a desistir de una acción antes de la intervención de las demás partes. En estos casos, el segundo desistimiento constituye una adjudicación en los méritos y es un desistimiento con perjuicio por una simple declaración de ley.*
> *[...]*
> *[E]l inciso (a) de la Regla 39.1, ... permite al demandante renunciar a su reclamo unilateralmente o por estipulación con las partes que han comparecido. La doctrina de los dos desistimientos responde a la preocupación de que un litigante renuncie unilateralmente y presente su causa de acción indefinidamente por el mero hecho de que en nada afecta a aquella parte que no ha comparecido. Por tal razón, la doctrina de los dos desistimientos impide que ello ocurra al disponer que un aviso de desistimiento tendrá el efecto de adjudicación en los méritos, es decir, con perjuicio, cuando un demandante haya desistido anteriormente de otro pleito basado en o que incluya la misma reclamación ante el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos.*
> *La doctrina del desistimiento anterior se circunscribe a los casos en que el segundo desistimiento se produce mediante aviso y no mediante estipulación. Ello pues, las partes demandadas que comparecieron pueden estipular que el desistimiento sea sin perjuicio. Tampoco procede aplicar la referida doctrina cuando el desistimiento se da en virtud del inciso (b) de la Regla 39.1, supra. En esta última instancia no existe la necesidad de atender la preocupación de la presentación continua de demandas. La intervención del tribunal lo hace innecesario. Éste auscultará e impondrá las condiciones que entienda necesarias para conceder el*

---

[33] *Tenorio v. Hospital Dr. Pila, supra*, pág. 783, *citando a* R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil,* San Juan, 1997, pág. 275.
[34] 32 LPRA Ap. V., R. 39.1 (a).
[35] Regla 39.1 (a) de Procedimiento Civil, *supra.*; *Pramco CV6, LLC v. Delgado Cruz, supra,* pág. 460.

*desistimiento incluyendo que se decrete el mismo con perjuicio.*[36]

De otro lado, el inciso (b) de la discutida regla atiende las instancias en las que la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento por todas las partes.[37] Bajo este escenario, la parte demandante debe presentar una moción al tribunal, la cual deberá notificarle a todas las partes en el pleito, para así renunciar en cuanto a la continuación de este.[38] Además, en este escenario, *"[e]l tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes; entre estas, que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado".*[39] Por ello, a menos que la orden aceptando el desistimiento no especifique lo contrario, un desistimiento según el inciso (b) será sin perjuicio.[40]

**-III-**

En síntesis, nos corresponde resolver si erró el TPI al desestimar la demanda en su totalidad. La Asociación aduce que el foro primario se equivocó al utilizar como base la doctrina de los dos (2) desistimientos. De igual forma, plantea que incidió al no considerar el error inadvertido. Analizado el marco fáctico-jurídico, resolvemos que no tiene razón. **Explicamos.**

Surge del expediente y de la sentencia apelada que el **19 de julio de 2021** en el caso núm. **SJ2021CV04496**, la Asociación acude ante el TPI en busca de un remedio contra el ELA, la Junta de Retiro y MetLife; de igual modo ocurrió, el **26 de abril de 2022** en el caso núm. **SJ2022CV03265**. En ambos pleitos la parte apelante solicitó una sentencia declaratoria contra la parte apelada,

---

[36] *Pramco CV6, LLC v. Delgado Cruz, supra*, a las págs. 460 – 462.
[37] *Pagán Rodríguez v. Rivera Schatz, supra.*
[38] *Íd.*, pág. 287.
[39] *Íd.*; *Pramco CV6, LLC v. Delgado Cruz, supra*, pág. 461.
[40] *Pramco CV6, LLC v. Delgado Cruz, supra.*

que luego, desistió voluntariamente y el TPI archivó. En específico, en el caso núm. **SJ2021CV04496** presentó una moción de desistimiento voluntario sin perjuicio, y en el caso núm. **SJ2022CV03265**, radicó un aviso de desistimiento. En ese sentido, no nos convence la inmeritoria alegación de error involuntario.

Es norma reiterada que el **segundo** desistimiento será **adjudicado en los méritos** si trata de una misma causa de acción que haya sido desistida **anteriormente** en otro pleito. Por lo que forzosamente, en el presente caso aplica la doctrina de los dos (2) desistimiento, y consecuente, la desestimación de la demanda de epígrafe en su totalidad.

En virtud de ello, y ante ausencia de error, pasión, prejuicio, parcialidad o abusó de discreción en el presente caso, procede confirmar la sentencia apelada.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la **Sentencia** apelada.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones